Before STATE INDUSTRIAL BOARD, Respondent. MARY L. DAVIS, Respondent, v. LINDLEY M. GARRISON, as Receiver of NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. FRED DAHLEM, Respondent, v. THE DE LAVAL SEPARATOR COMPANY, Appellant.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the proof fails to show the nature of the scar or that it constituted serious facial disfigurement. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. THOMAS FLOH, Respondent, v. ADOLPH ANDERSON and Another, Appellants.— Award reversed, with costs aga'nst the State Industrial Board, and the award o' October 25, 1923, reinstated, on the ground that the claimant having suffered injury which is comprehended by the provisions as to schedule losses may not receive an award for disability on the basis of reduced earnings. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. INGLE FOSTNER, Respondent, v. VICTOR MORAWITZ and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, on the ground that the award includes neck disfigurement which under the statute* is not comprehended within the expression " serious facial or head disfigurement." All concur.

SAMUEL FUCHS, Respondent, v. ANNIE KREBS, Defendant, Impleaded with HERMAN BLOCK and Others, Appellants.— Judgment unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. MARY FRANCIS, Respondent, v. BANKERS TRUST COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MICHAEL HELZO, Respondent, v. GOODWIN CONSTRUCTION COMPANY and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event, to take proof and make definite findings in relation to any injury, disability or loss apart from or in addition to the loss of a foot or naturally ollowing therefrom, if any there were. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. FRANK C. HILL, Respondent, v. YORK BUILDING COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JACK HANDLE, Respondent, v. WILLS SAINTE CLAIRE Co., INC., and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

EVERETT HOLTON, Respondent, v. SCHENECTADY RAILWAY COMPANY, Appellant. — Judgment and order unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. FRANK JACOBOWSKI, Respondent, v. THE REPUBLIC METALWARE COMPANY, Appellant.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. MARY C. JONES, Respondent, v. BOYD & COMPANY and Another, Appellants.— Award unanimously affirmed, with costs in favor of the State Industrial Board.

* See Workmen's Compensation Law of 1922, § 15, subd. 3, ¶ t.— [REP.